**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



ERIC RICHARD WISE,

       Petitioner,

v.                                            Case No. 2:10cv605

PATRICIA STANSBERRY, Warden,

       Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

This petitioner, Eric Richard Wise, challenges the calculation of his federal sentence, seeking to have four years previously served while in Wisconsin state custody on an unrelated Wisconsin state conviction credited toward service of his current 168 month federal sentence.

On August 19, 2003, Wise was arrested by local police in Kenosha, Wisconsin.  He had traveled there from his home in Cedar Rapids, Iowa, to meet with a fourteen year old female, KMB, with whom he had been corresponding over the internet for almost a year. Wise himself was thirty-seven years old at the time.  Wise and KMB met at a park and spent a few hours together, during which time they hugged and kissed.  At some point during this encounter, Wise apparently invited KMB to go back to his hotel room, but she declined.  When KMB told Wise she needed to return home for dinner, they arranged to communicate later that evening.  Wise gave KMB his room number and telephone number at the hotel where he was staying.

Upon returning home, KMB disclosed the encounter, first to her older sister, and then to her parents.  Her parents contacted local police to investigate.  A search of KMB's computer revealed communications between her and Wise, as well as photographs of Wise.  Police met Wise at his hotel room and, with his consent, they searched the hotel room and his vehicle.  Wise was arrested and charged with child enticement and use of a computer to facilitate a child sex crime.

Kenosha police contacted police in Wise's hometown of Cedar Rapids to request assistance in obtaining an Iowa search warrant for Wise's home.  On August 20, 2003, Cedar Rapids police obtained a warrant and searched the petitioner's home for evidence in connection with the Wisconsin charges.  Officers seized computers,

CDs, videotapes, and other media, as well as a locked home safe. When the safe was opened, officers found computer CDs, floppy disks, and a videotape.  All materials were turned over to Wisconsin authorities for analysis.

When Wisconsin authorities reviewed the videotape found in the safe, it revealed Wise and a young female between the ages of 13 and 15 engaged in sexual acts.  Announcements from a radio station playing in the background identified Lubbock, Texas, as the location where the video was filmed.  Other evidence seized included photos of the same female standing in front of a Lubbock shopping mall, wearing a high school letter jacket from a Lubbock-area high school.  The girl was identified through school records as ACT, born in March 1989.

An investigation by Lubbock police revealed that Wise had been communicating with ACT over the internet for about a year before traveling to Texas to meet her in January 2003.  In the weeks leading up to Wise's trip to Lubbock, ACT and Wise exchanged several sexually explicit, nude photographs of themselves.  On January 17, 2003, Wise arrived in Lubbock and contacted ACT; they met several times over the weekend and engaged in sexual encounters, some of which were videotaped by Wise.  ACT was 13 years old at the time.

On November 6, 2003, Wise was indicted by a federal grand jury in the Northern District of Texas on various child pornography and

other sexual exploitation charges related to his involvement with ACT.  On November 21, 2003, the United States Marshals Service ("USMS") borrowed Wise from Wisconsin state authorities pursuant to a writ of habeas corpus ad prosequendum.  He was transported by the USMS to Dickens County Correctional Center ("Dickens"), where he arrived on December 3, 2003.

On December 17, 2003, while Wise remained in the physical control of the USMS at Dickens, the Lubbock County District Court issued a capias for Wise's arrest, charging him with aggravated sexual assault.  The Texas state criminal charges were also related to Wise's involvement with ACT.

On January 12, 2004, on Wise's own motion, the Texas federal court ordered a psychiatric and psychological examination of the petitioner.  On February 3, 2004, Wise was transported to FMC Carswell in Fort Worth, Texas, for a mental health evaluation.  On April 21, 2004, Wise was returned to Dickens.  On August 30, 2004, the Texas federal court found Wise competent to proceed.

On October 21, 2004, Wise pleaded guilty to nine of fifteen counts of the federal indictment against him, including seven counts of the production of child pornography, one count of enticement of a child, and one count of travel with intent to engage in a sexual act with a juvenile.  On December 10, 2004, Wise was transferred from Dickens to the Lubbock County Jail ("Lubbock Jail") in response to Wise's own concerns about his safety.  On

- 4 -

February 4, 2005, the Texas federal court sentenced Wise to 168 months in prison.  See generally United States v. Wise, 447 F.3d 440 (5th Cir. 2006) (affirming sentence).

On February 4, 2005, Wise was released to Texas state authorities on a bench warrant and detainer, with approval by Wisconsin state authorities.  Wise pleaded guilty and was convicted of five counts of aggravated sexual assault and two counts of indecency with a child as charged in two separate Texas state indictments.  On February 10, 2006, Wise was sentenced to five terms of 50 years each and two terms of 10 years each in prison, with all seven sentences to run concurrent with one another and with Wise's federal sentences.  Pursuant to Texas Code of Criminal Procedure art. 42.03, § 2(a)(1), Wise was credited with pre-sentence jail time beginning December 10, 2004, the date he arrived at Lubbock Jail.  See generally Wise v. Texas, 223 S.W.3d 548 (Tex. App. 2007) (affirming conviction and sentence).

On March 7, 2006, Wise was returned by Texas state authorities to Dickens and the physical control of the USMS.  On May 12, 2006, he was returned by the USMS to Kenosha County Jail and the custody of Wisconsin authorities.  On August 3, 2006, Wise pleaded guilty to the Wisconsin state charge of using a computer to facilitate a child sex crime.  On September 7, 2006, Wise was sentenced to four years in prison, to run concurrent with his federal and Texas state sentences.  Pursuant to Wis. Stat. § 973.155, the Wisconsin state

- 5 -

court also awarded Wise 1,114 days sentence credit for time spent in custody while awaiting trial and sentencing on the Wisconsin state charges.

On September 15, 2006, Wise was transferred from the Kenosha County Jail to the Dodge Correctional Institute, a central reception center for the Wisconsin Department of Corrections. Following completion of his in-processing in November 2006, Wise was transferred to New Lisbon Correctional Institution, where he served the remainder of his Wisconsin state sentence.

On July 31, 2007, Wise completed serving his Wisconsin state sentence and was released to the custody of the USMS pursuant to a federal detainer. He was ultimately transferred to the custody of the United States Bureau of Prisons ("BOP") and transported to FCI Petersburg Medium, where he is currently serving his federal sentence.  Pursuant to 18 U.S.C. § 3585(a), the BOP has treated July 31, 2007, the date upon which Wise was received into federal custody, as the commencement of his 168-month federal sentence. Pursuant to 18 U.S.C. § 3585(b), the BOP has awarded Wise no credit for time spent in custody prior to July 31, 2007.

On November 22, 2010, while in the custody of the BOP at FCI Petersburg, Wise submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On May 16, 2011, the respondent filed a motion to dismiss, a motion for summary judgment, a brief in support of both motions,

and a <u>Roseboro</u> notice pursuant to Local Civil Rule 7(K). ECF Nos. 13-16. Wise has filed no reply to the respondent's motions. Wise did, however, file a motion to stay proceedings, which was denied on December 9, 2011. ECF Nos. 17, 19.

Wise asserts in this Court that he is entitled to relief under 28 U.S.C. § 2241 on the grounds that his federal sentence should have commenced when federal authorities first took physical control of him in November 2003, and that he is entitled to credit against his federal sentence for some or all of the time he spent in official detention prior to July 31, 2007.

## II. <u>SUMMARY JUDGMENT STANDARD</u>[1]

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). A dispute of material fact is

---

[1] While the Federal Rules of Civil Procedure do not necessarily apply to all proceedings on federal habeas petitions, <u>see</u> Fed. R. Civ. P. 81(a)(4); R. 12 foll. 28 U.S.C. § 2254, disposition on a motion for summary judgment is appropriate in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80-81 (1977); <u>Ebert v. Clarke</u>, 320 F. Supp. 2d 902, 911 & n.16 (D. Neb. 2004); R. 4 foll. 28 U.S.C. § 2254 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response . . . ."). The Court has previously exercised its discretion under Rule 1(b) of the Rules Governing 2254 Cases to apply these rules to this Section 2241 petition. <u>See</u> Order of Jan. 24, 2011, at 3 n.1, ECF No. 5; <u>see also</u> R. 1(b) foll. 28 U.S.C. § 2254.

"genuine" only if the evidence "is such that a reasonable [fact-finder] could return a verdict for the non-moving party." Id. In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

### III. ANALYSIS

The material facts of this case are undisputed. Wise was originally arrested by Wisconsin authorities on August 19, 2003. Without relinquishing its claim to custody over Wise, Wisconsin authorities transferred him to the control of the USMS on November 21, 2003, pursuant to a federal writ of habeas corpus ad prosequendum. He was not returned to Wisconsin state authorities until May 12, 2006. In the interim, he pleaded guilty and was convicted and sentenced on charges in both Texas federal and state courts. On September 7, 2006, he was sentenced to four years in

prison by a Wisconsin state court.  On July 31, 2007, following the
completion of his Wisconsin state sentence, Wise was received into
federal custody and transported to FCI Petersburg Medium, where he
is currently serving a 168-month federal sentence.

### A. The BOP's Calculation of Wise's Sentence

Section 3585(a) of Title 18 of the United States Code governs
when a federal prisoner's sentence begins.  This statute provides
that a federal sentence commences to run on the date that a
"defendant is received in custody awaiting transportation to, or
arrives voluntarily to commence service of sentence at, the
official detention facility at which the sentence is to be served."
28 U.S.C. § 3585(a); see also United States v. Evans, 159 F.3d 908,
911 (4th Cir. 1998) ("A federal sentence does not commence until
the Attorney General receives the defendant into her 'custody' for
service of that sentence."); United States v. Miller, 49 F. Supp.
2d 489, 493 (E.D. Va. 1999) ("Generally, a federal sentence does
not commence until a prisoner is delivered to the federal
institution designated by the BOP . . . .").

Section 3585(b) governs the calculation of credit for time
served prior to serving a federal sentence.  The statute provides:

> A defendant shall be given credit toward the
> service of a term of imprisonment for any time he
> has spent in official detention prior to the date
> the sentence commences—
>
> (1) as a result of the offense for which the
> sentence was imposed; or

- 9 -

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).   This calculation of credit for prior time served is performed by the Attorney General, acting through the BOP, rather than by the sentencing judge.   United States v. Wilson, 503 U.S. 329, 334-35 (1992); Miller, 49 F. Supp. 2d at 492.

On February 4, 2005, Wise was sentenced to serve 168 months of incarceration on his federal convictions.   But Wise was not received into federal custody for transportation to FCI Petersburg Medium, where he is currently serving his federal sentence, until completion of his Wisconsin state sentence on July 31, 2007. Moreover, although Wise spent the entire period between his arrest on August 19, 2003 and his receipt into federal custody on July 31, 2007, in official detention, this entire period was credited against his Wisconsin sentence.   Accordingly, the BOP has calculated that Wise began serving his federal sentence on July 31, 2007, and that he was not entitled to any credit for prior time served.

### B. Wise's Challenge to the BOP's Calculation

Wise contends that his sentence should have begun earlier, and that he should be credited with some or all of the time served toward his four-year Wisconsin sentence.   Wise presents three

arguments in support of his petition: (1) Wise argues that his federal and Wisconsin sentences should be calculated to run concurrently as directed by the Wisconsin sentencing court, and thus all four years of his time spent in Wisconsin custody should be credited toward his federal sentence; (2) Wise argues that § 3585(b) requires that his prior time served must be credited toward his federal sentence because it had not yet been credited toward his Wisconsin sentence at the time when his federal sentence was imposed; and (3) Wise argues that he should be credited with prior time served beginning as early as November 2003, when he was transferred to the control of federal authorities pursuant to a federal writ of habeas corpus ad prosequendum.

## 1. **The Wisconsin Sentencing Court's Order**

While a federal sentencing court is generally authorized to order that the sentence imposed to run concurrently or consecutively to another, undischarged sentence, see 18 U.S.C. § 3584(a), the federal sentencing order in this case was silent as to whether Wise's federal sentence was to run concurrently or consecutively to the Wisconsin or Texas state sentences, neither of which had yet been imposed.[2]  Ordinarily, federal sentencing law

---

[2] The Court notes that there is some question whether a federal sentencing court has the authority to order that a federal sentence run concurrently to a state sentence that has not yet been imposed, an issue which is now pending before the Supreme Court of the United States in Setser v. United States, No. 10-7387 (U.S. argued Nov. 30, 2011).  This is not that case in any event.

- 11 -

provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively <u>unless</u> the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a) (emphasis added); see also <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003).

Wise argues that his federal and Wisconsin sentences should nevertheless be calculated to give effect to the Wisconsin court's order that his Wisconsin sentence run concurrently with his previously imposed federal sentence. But even though a state court may order its sentence to run concurrently with a federal sentence,

> concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

<u>Taylor v. Sawyer</u>, 284 F.3d 1143, 1150 (9th Cir. 2002) (quoting <u>Del Guzzi v. United States</u>, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Norris, J., concurring)); <u>Leal v. Tombone</u>, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam) (quoting <u>Taylor</u>, 284 F.3d at 1150). As this Court has previously stated, it is a "well-established principle that a state court cannot unilaterally impose a concurrent sentence between a federal and a state court." <u>Miller</u>, 49 F. Supp. 2d at 494 (citing <u>Bloomgren v. Belaski</u>, 948 F.2d 688, 691 (10th Cir. 1991)); see also <u>Bloomgren</u>, 948 F.2d at 691 ("The determination by federal authorities that [an inmate]'s federal

sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.").[3]

Accordingly, the Wisconsin sentencing court's order that the Wisconsin and federal sentences run concurrently amounts to nothing more than a recommendation that the BOP credit the four years Wise spent in Wisconsin custody toward service of his federal sentence. As a matter of law, Wise was not entitled to have his federal sentence calculated to run concurrently with his previously served Wisconsin state sentence.

## 2. Credit for Prior Time Served

Section 3585(b) expressly provides that a defendant shall receive credit toward service of his federal sentence for time served in official detention prior to commencement of his federal sentence, provided that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Based on this language, the

---

[3] Wise quotes a passage from Luther v. Vanyur, 14 F. Supp. 2d 773, 776 (E.D.N.C. 1997), to suggest that, as a rule, a later sentencing court has an exclusive prerogative to determine whether its sentence will run concurrently or consecutively to an undischarged, previously imposed sentence. But the Court notes that the quoted passage merely recognizes that, as a practical matter, the issue of concurrent or consecutive sentencing does not arise in the earlier of two proceedings because the second sentence has not yet been imposed. Further on in its opinion, the Luther court recognized the very same principle as this Court did in Miller, noting that the BOP was "free to accept or reject the state judge's 'recommendation' of concurrent sentences by accepting or rejecting custody of the prisoner." See id. at 777.

Supreme Court has recognized that, in enacting this statute, "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337.

Wise nevertheless argues that § 3585(b) requires that his prior time served be credited toward his federal sentence because it had not yet been credited toward his Wisconsin sentence at the time of his federal sentencing. But this argument is premised on a misconception that it is the sentencing court that determines credit for prior time served under § 3585(b), and that this determination is made at the time of sentencing. But it is the Attorney General, acting through the BOP, who calculates any credit for prior time served; moreover, this is an administrative determination made at the time of imprisonment, not sentencing. See Wilson, 503 U.S. at 335. At the time of his receipt into federal custody for service of his federal sentence, all of the time Wise had previously served in official detention had been credited toward his Wisconsin state sentence. Accordingly, as a matter of law, Wise was not entitled to credit toward his federal sentence for detention time already credited toward his Wisconsin state sentence. See Mack v. Stansberry, No. 1:10cv1188, 2011 WL 3320742, at *4 (E.D. Va. July 29, 2011).

### 3. **Writ of Habeas Corpus Ad Prosequendum**

The BOP calculated Wise's federal sentence as beginning on July 31, 2007, the date when, following the completion of his

- 14 -

Wisconsin state sentence, he was received into federal custody to serve his federal sentence. Wise contends that his sentence actually commenced as early as November 21, 2003, when Wisconsin authorities transferred control of Wise to the USMS pursuant to a federal writ of habeas corpus ad prosequendum.

But it is well established that "[a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Evans, 159 F.3d at 912; see also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (citing cases). "This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities. Principles of comity require that when the writ of habeas corpus is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912 (citations omitted). See generally Ponzi v. Fessenden, 258 U.S. 254, 260 (1922) ("The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust

its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.").

Wise cites a Tenth Circuit case, Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994), to suggest a contrary rule. In Brown, the Tenth Circuit articulated a limited exception to the rule that a criminal defendant is merely "on loan" when transferred from state to federal authorities pursuant to a federal writ of habeas corpus ad prosequendum. On facts specific to that case, the Brown court found that the detention of a defendant by federal authorities on a writ of habeas corpus ad prosequendum for an "extended period" of nineteen months "transmut[ed]" federal control of a defendant's body, subject to the lending state's primary jurisdiction, into federal custody and federal primary jurisdiction over him. Brown, 28 F.3d at 1075. Wise notes that he was held by federal authorities for an even longer period—approximately thirty months —before he was returned to Wisconsin for trial there.

This Court, sitting in the Fourth Circuit, is not bound by the Tenth Circuit's decision in Brown, and it finds Brown unpersuasive. First, the Court notes that the Brown court itself expressly "recognize[d] that [its] holding [wa]s fact specific," and it expressly declined "to announce a per se rule as to how long a state prisoner may be 'on loan' to federal authorities without the authorities taking custody of the prisoner." Brown 28 F.3d at 1075. Second, the Court notes that the holding in Brown has not

been adopted, nor has the case even been cited, by the Fourth Circuit or by this Court.[4]  Third, the Court notes that Brown was decided under 18 U.S.C. § 3568, the predecessor to the current statute, 18 U.S.C. § 3585, which, unlike its predecessor, expressly prohibits the awarding of "double credit" for detention time applied toward a state sentence.  See Rios v. Wiley, 201 F.3d 257, 273 (3d Cir. 2000).  Finally, this Court agrees with the reasoning of the Third Circuit, which rejected Brown thusly:

> We are not aware of any principle of law which supports the conclusion that the length of time in federal detention effectively abrogates the doctrine of primary jurisdiction—predicated on principles of comity—and "transmutes" the inmate into a federal prisoner for crediting purposes under section 3585(b) or its predecessor statute, section 3568.  Moreover, we are unable to ascertain the point at which the prisoner would be deemed to have become a federal prisoner for credit purposes. In this regard, we point out that it is ironical that the longer the federal pretrial detention lasted, the better off the prisoner would be from a crediting standpoint, because a short detention might not result in the prisoner's being regarded as being in federal custody at all, in which case he would not be entitled to credit for that period against the federal sentence ultimately imposed.

---

[4] The Court notes that one of our sister courts within this Circuit has cited Brown, but only in dictum.  See Luther v. Vanyur, 14 F. Supp. 2d 773, 778 (E.D.N.C. 1997).  Unlike this case, Luther did not involve a federal writ of habeas corpus ad prosequendum. In Luther, BOP officials had actually accepted custody the prisoner for service of his federal sentence, and he had actually served three years in a federal prison before being returned to state authorities to serve out the remainder of his state sentence.  See Luther, 14 F. Supp. 2d at 774-75, 777-78.  No other court in this Circuit appears to have referenced the Brown decision in any published opinion.

Rios, 201 F.3d at 274.

The law is clear. Wise was in the uninterrupted custody of Wisconsin state authorities from the date of his arrest on August 19, 2003, until he completed his four-year Wisconsin state prison sentence on July 31, 2007, at which time he was released into the custody of the USMS. Between November 21, 2003, and March 12, 2006, Wise was "borrowed" from Wisconsin authorities on a federal writ of habeas corpus ad prosequendum to permit federal authorities to prosecute him on unrelated federal charges in a Texas federal court. While he was in the physical control of federal authorities, no change in legal custody was effected. As a consequence, and as a matter of law, his federal sentence did not commence until he was later received into federal custody upon completion of his Wisconsin state sentence on July 31, 2007.

## C. **No Abuse of Discretion by BOP**

Wise does not address this issue, but the Court notes that the BOP possesses the discretionary authority, pursuant to 18 U.S.C. § 3621, to designate a state facility where an inmate previously served a state sentence as the place of his federal incarceration nunc pro tunc. See Taylor, 284 F.3d at 1148-49; Alls v. Stansberry, No. 1:09cv506, 2010 WL 723034, at *3 (E.D. Va. Mar. 1, 2010), aff'd, 396 Fed. App'x 932 (4th Cir. 2010) (per curiam). Such a designation has the effect of permitting the prisoner to serve his federal sentence concurrently with the previously served

- 18 -

state sentence. Judicial review of the BOP's exercise of this discretionary authority is limited to whether an abuse of discretion occurred. See Taylor, 284 F.3d at 1149; Alls, 2010 WL 723034, at *3. "So long as the BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation nunc pro tunc after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable." Alls, 2010 WL 723034, at *3. In this case, the record shows that the BOP considered the necessary factors in declining Wise's request. See Farr Decl. attach. 13, ECF No. 16 attach. 3, at 21.[5] Accordingly, the BOP did not abuse its discretion in declining a retroactive designation that would have permitted Wise's federal and Wisconsin sentences to run concurrently.

## III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion for summary judgment (ECF No. 14) be GRANTED, the respondent's motion to dismiss (ECF No. 13) be DENIED as MOOT,

---

[5] One of the factors considered by the BOP, as required by the statute, was "any statement by the court that imposed the sentence" with respect to the type of correctional facility where the sentence should be served or the purpose for which the sentence of imprisonment was imposed. See 18 U.S.C. § 3621(b)(4). Pursuant to this statutory requirement, the BOP corresponded with the federal sentencing judge, who stated unequivocally that he was "adamantly oppose[d] [to] a retroactive designation." Farr. Decl. attach. 15, ECF No. 16 attach. 3, at 27.

Wise's petition for a writ of habeas corpus (ECF No. 1) be DENIED, and all of Wise's claims be DISMISSED WITH PREJUDICE.

## IV. <u>REVIEW PROCEDURE</u>

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th

Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 21 , 2011

CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's

Report and Recommendation was mailed this date to the following:


Eric Richard Wise, Inmate #01382-449
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA  23804

Mark A. Exley, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA  23510


                              Fernando Galindo,
                              Clerk of Court

            By:    _____
                   Deputy/Clerk

                   December 22 , 2011