UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
JAN 24 2012
CLERK, U.S. DISTRICT COURT
   NORFOLK, VA
```

ERIC RICHARD WISE,

    Petitioner,

v.                                  Case No.: 2:10cv605

PATRICIA STANSBERRY, Warden,

    Respondent.

**FINAL ORDER**

    This case was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition challenges the calculation of the petitioner's federal sentence, seeking to have four years previously served while in Wisconsin state custody on an unrelated Wisconsin state conviction credited toward service of his current 168 month federal sentence.

    As a preliminary matter, the Court notes that the petitioner has timely filed written objections (ECF No. 28) to the magistrate judge's Order of December 21, 2011 (ECF No. 25), which denied the Petitioner's Motion to Permit Discovery and Stay Summary Judgment Pending Discovery (ECF No. 23-24), filed on December 20, 2011. Having reviewed the record, the Court FINDS that this non-dispositive pretrial ruling by the magistrate judge is neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, the petitioner's objections with respect to the magistrate judge's Order of December 21, 2011, are OVERRULED.

On May 16, 2011, the respondent filed a motion for summary judgment on Wise's habeas petition. ECF No. 14. This motion for summary judgment was referred to a magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on December 22, 2011, recommending that the petition be denied and dismissed. ECF No. 26. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 13, 2012, the Court received and filed the petitioner's written objections.[1] ECF No. 30. The respondent filed no response to the petitioner's objections.

First, the petitioner objects to the magistrate judge's report on the ground that he was denied an opportunity to respond to the respondent's motion for summary judgment. The petitioner argues

---

[1] On January 13, 2012, the Court received the petitioner's written objections, dated January 6, 2012, and postmarked January 12, 2012. ECF No. 29. The Court notes that the petitioner's objections were received and filed four days late on January 13, 2012. See generally Fed. R. Civ. P. 6(a). The petitioner failed to effectively invoke the prison mailbox rule by including a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement that his written objections were deposited in the prison mail system on or before January 9, 2012, so his written objections were untimely filed. See R. 3(d) foll. 28 U.S.C. § 2254. The Court nevertheless will exercise its discretion and consider the petitioner's objections on their merits.

that the magistrate judge neglected to rule on an earlier request for an extension of time to respond to motion for summary judgment, thus depriving him of an opportunity to respond to the respondent's motion. In support, the petitioner refers to the Petitioner's Motion to Stay Proceedings (ECF No. 17), received for filing on May 24, 2011. He notes that the motion not only requested that this case be stayed, but also that he be allowed an additional twenty days after the Court ruled on his motion for a stay in which to respond to the motion for summary judgment. The petitioner suggests that the Court's Order of December 9, 2011 (ECF No. 19) denied only his request for a stay, and that his request for an extension of time therefore remained pending. But the December 9th order did not simply deny the petitioner's request for a stay, it clearly and unequivocally denied the entire motion, including the petitioner's oblique request for an extension of time. See Order of Dec. 9, 2011, at 2 ("Accordingly, the motion is DENIED.") (emphasis added), ECF No. 19. The petitioner is simply mistaken in his belief that any part of his motion for a stay remains pending. To the extent the petitioner intends to challenge the Court's December 9, 2011 ruling, his objection is untimely.[2] See Fed. R. Civ. P. 72(a) (allowing 14 days to object to non-dispositive

---

[2] The Court notes that this objection is without merit in any event, inasmuch as the petitioner failed to allege or establish good cause for an extension of time. See Fed. R. Civ. P. 6(b)(1)(A).

orders). Accordingly, this objection by the petitioner to the magistrate judge's report is OVERRULED.

Next, the petitioner objects to the magistrate judge's report on the ground that summary judgment would have been precluded if his request to take discovery had been approved. The petitioner speculates that allowing discovery would have permitted him to establish a genuine dispute of material fact. As noted in the magistrate judge's Order of December 21, 2011 (ECF No. 25), the petitioner's proposed discovery requests sought only information and documents that were cumulative and immaterial. The petitioner separately objected to the December 21st order and those objections were overruled above. In the absence of citation to particular materials in the record, as opposed to pure speculation that "[d]iscovery would have changed [the] facts," the material facts identified by the magistrate judge may be considered undisputed, and a grant of summary judgment on these undisputed facts is appropriate. See Fed. R. Civ. P. 56(e)(2),(3). Accordingly, this objection to the magistrate judge's report is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims. In particular, the petitioner contests the magistrate judge's finding that Wisconsin retained primary jurisdiction over the petitioner while he was "on loan" to federal authorities for prosecution in Texas, and that the BOP did not abuse its discretion in denying the

petitioner's request for a retroactive designation of a state facility where he previously served his Wisconsin sentence as the place of his federal incarceration. Having reviewed the record, the Court FINDS that the petitioner's objections are without merit. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on December 22, 2011 (ECF No. 26). It is, therefore, ORDERED that the petition (ECF No. 1) be DENIED, the respondent's motion for summary judgment (ECF No. 14) be GRANTED, and the respondent's motion to dismiss (ECF No. 13) be DENIED as MOOT. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, the Court declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

- 6 -

The Clerk shall forward a copy of this Final Order to the petitioner and to counsel for respondent.

                                                /s/
                                   Rebecca Beach Smith
                                      Chief
                                United States District Judge
                                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 24, 2012